operated so as to avoid such danger. Brennan v. Gordon, 118 N. Y. 489, 23 N. E. 810. The plaintiff's evidence shows that the instruction given the boy was of the most superficial character, and did not point out any of the dangers which were incident to the operation of the machine. The proof is that the saw would bind and stick in wet and knotty lumber, and would jump up and down, the way it did in this case; yet the plaintiff was entirely ignorant of these facts. If the danger was open and apparent, even though the plaintiff was inexperienced, he could not recover for an injury from such apparent danger; but we do not think the facts in this case present that question. The injury was received from the board bobbing up and throwing the plaintiff's hand onto the saw, because there is no evidence from which the conclusion can be reached that the plaintiff carelessly put his hand onto the saw. It seems to us that the court properly submitted the question of the defendants' negligence in not giving the boy proper instruction to the jury, and their finding, being supported by evidence, should not be disturbed.

The judgment and order appealed from should be affirmed, with costs.

(15 Misc. Rep. 248.)

MARTUS v. DELAWARE, L. & W. R. CO.

(Superior Court of Buffalo, General Term. December 23, 1895.)

COLLISION OF STREET CAR AND TRAIN—CONTRIBUTORY NEGLIGENCE OF MOTORMAN.

The motorman of a street car, who, on approaching a railroad crossing, stops the car 25 feet from the track, and then, on the signal of the conductor, who had gone ahead, moves forward according to arrangement between them, is guilty of contributory negligence, being struck by a train which he could, when 22 feet from the track, have seen.

Action by Kate R. Martus, administratrix of Henry Martus, deceased, against the Delaware, Lackawanna & Western Railroad Company. Plaintiff was nonsuited, and moves for new trial on exceptions ordered to be heard in the first instance at general term. Denied.

Argued before TITUS, C. J., and WHITE, J.

George W. Cothran, for plaintiff.

Messrs. Rogers and Locke & Milburn, for defendant.

TITUS, C. J. The exceptions taken on the trial of this cause were sent to the general term in the first instance, an entry of judgment being stayed in the meantime. The action was brought to recover damages for the negligent killing of the plaintiff's intestate. The deceased was a motorman in charge of a Seneca street trolley car, and was injured by a locomotive engine at the defendant's crossing of Seneca street, in this city, on May 26, 1893, and died shortly after. At the time of the injury the deceased was going east on Seneca street, with his car, and as he approached the crossing of the defendant's track he came to a stop at about 25 feet from the west-

v. 36 N. Y. s. no. 4—27

bound track. The conductor got off and went forward, and the deceased, with his car, followed along after the conductor. It appears that the conductor and the deceased had an arrangement by which the conductor was to go ahead and the car was to follow, unless he was signaled by the conductor to stop. The conductor did not signal for him to stop, but motioned with his hand for him to come on. As the car got on the west-bound track, the conductor looked around, and saw the defendant's train approaching on the east-bound track, but so close to him that he had no time to signal the deceased to stop, but jumped off from the track on which the train was approaching and allowed the car to run onto the track, when it was struck by the locomotive and demolished, and the deceased and some of the passengers were injured. It appears that when a person approaches the defendant's tracks from the west, at a point 22 feet from the crossing an approaching train from the west can be seen for more than half a mile. The plaintiff was nonsuited on the trial, on the ground that the deceased was guilty of contributory negligence. It is claimed on this hearing that the defendant was guilty of negligence, and that the plaintiff's contributory negligence should have been left to the jury. It may be conceded, in the view which is taken of the facts in this case, that the defendant was guilty of negligence; but we think the disposition of the case at the trial term was proper, on the ground that the plaintiff, by his own neglect, contributed to the accident. The principles of law applicable to this case have been so long and well settled that they may be regarded as elementary, and a simple statement of them is sufficient, and requires no citation of the numerous authorities and precedents which have arisen within the last few years. A person, in approaching a railroad crossing, is required to stop and look and listen, and use his faculties to determine whether or not it is safe to cross. It appears from the evidence that the deceased, before crossing, did look to the right and left, but it is manifest that either the witnesses who speak are mistaken, or the deceased recklessly ran into the danger, because it was well known to the conductor of the car, and probably to the deceased, that the train which caused the injury was due at about this time; and it became his duty, if he saw a train approaching, before crossing, to determine whether it was safe or not. It is suggested by the plaintiff's counsel that it was in the nighttime, and it would be quite difficult to tell whether the train on the track, if the motorman saw it, was coming towards him or standing still. If that is so, the deceased should have waited to ascertain, and, if he passed on in full view of the train,—which he did do,—not waiting to see whether the danger was approaching, he took his own risk of being run over, and did not exercise that reasonable care to protect himself which the law requires, and was consequently guilty of contributory negligence. It does not seem to us that there is any ground upon which the plaintiff's case could have been submitted to the jury. If the deceased relied upon the conductor to signal to him of the approaching train, and the conductor was guilty of

negligence, then we think that negligence must be attributed to the deceased as well. He was bound himself, irrespective of any arrangement which he had with the conductor, to stop and determine whether the train was approaching or not. If he failed to do that, or if he saw it approaching, and neglected to stop his car to wait for it to pass, we think that in either case he was guilty of contributory negligence, and cannot recover.

We think, therefore, that the exceptions should be overruled, and judgment ordered in favor of the defendant, with costs.